# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHY R. CAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-057-KEW |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter comes before the Court on Claimant's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #23) and Claimant's Supplemental Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #26). By Order and Opinion entered March 30, 2015, this Court reversed the decision of the Commissioner to deny Claimant's application for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

In the Motion, Claimant seeks attorney's fees for 30.90 hours of time expended by her attorney at the stipulated fee rate for a total request of $5,868.40 under the authority of the Equal Access to Justice Act ("EAJA"). Because Claimant filed a reply to the first Motion, she filed a supplemental fee motion seeking an additional $526.40 for 2.80 hours expended in preparing the reply. The Commissioner contests the award of EAJA fees, contending her position in the underlying case was substantially justified.

EAJA provides that a prevailing party other than the United

States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . . ." Id. at 566 n.2.

Clearly, Claimant constituted the prevailing party in accordance with this Court's decision. The Commissioner contends that the ALJ reasonably evaluated the opinion of Dr. Douglas Nolan. The ALJ gave no weight to Dr. Nolan's opinion because he found him to be a non-acceptable medical source. This Court determined that the ALJ erred by failing to explain the basis for his finding when the evidence of record indicated Dr. Nolan was not only an acceptable medical source but also a treating physician. This Court remanded the case for the ALJ to perform the appropriate

analysis of this physician's opinion.  Defendant now states that ALJ's findings were reasonable and the position taken by Defendant in this review was substantially justified.  However, the bases provided for the "reasonable" consideration of Dr. Nolan's opinion were not contained in the ALJ's decision but rather only appeared for the first time in Defendant's briefing on appeal.  Defendant cannot bolster the ALJ's decision by making post hoc arguments on appeal.  The fact remains that the ALJ must make the findings in his decision.  <u>Franz v. Astrue</u>, 509 F.3d 1299, 1302 (10th Cir. 2007).  Consequently, this Court cannot conclude the position taken by Defendant was substantially justified.

IT IS THEREFORE ORDERED that Claimant's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #23) and Claimant's Supplemental Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #26) are **GRANTED** and that the Government be ordered to pay Claimant's attorney's fees in the total amount of $6,394.80.  In accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Plaintiff as the prevailing party and not directly to Plaintiff's counsel.  <u>Manning v. Astrue</u>, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b).  In addition, should Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Plaintiff.  <u>Weakley v. Bowen</u>, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 3rd day of May, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE